FILED
05-09-2017
CIRCUIT COURT
DANE COUNTY, WI
2017CV001146
Honorable Julie Genovese
Branch 13

STATE OF WISCONSIN           CIRCUIT COURT           DANE COUNTY
                                BRANCH ___

IAN HUMPHREY,
200 S. Jefferson St.
Verona, WI 53593

Plaintiff,

v.                                                   Case No.: 17-CV-____

NAVIENT SOLUTIONS, LLC,                              Case Code: 30106
123 Justison St.
Suite 300
Wilmington, DE 19801,

Defendant.

## SUMMONS

THE STATE OF WISCONSIN

To each person named above as a Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint.

    The Court may reject or disregard an Answer that does not follow the requirements of the statutes.

    The original Answer must be sent or delivered to the Court at:

Clerk of Court
Dane County Courthouse
215 S. Hamilton St.
Madison, WI 53703

**and** a copy sent or delivered to Sam Wayne, Plaintiffs' attorney, at:

Sam Wayne
Attorney Sam Wayne, S.C.
2002 Atwood Ave. Suite 203
Madison, WI 53704

You may have an attorney help or represent you.

If you do not provide a proper written Answer within the time set forth above then the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated May 9, 2017.

                                        ATTORNEY SAM WAYNE, S.C.
                                        Counsel for Plaintiff Ian Humphrey

<u>Post Office Address</u>
2002 Atwood Ave. Suite 203
Madison, WI 53704                   By:    <u>/Sam Wayne</u>
                                                          Attorney Sam Wayne
                                                           SBW #1074341

FILED
05-09-2017
CIRCUIT COURT
DANE COUNTY, WI
2017CV001146
Honorable Julie Genovese
Branch 13

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|
| | BRANCH ___ | |

IAN HUMPHREY,
200 S. Jefferson St.
Verona, WI 53593

Plaintiff,

v.                                                                              Case No.: 17-CV-____

NAVIENT SOLUTIONS, LLC,                                    Case Code: 30106
123 Justison St.
Suite 300
Wilmington, DE 19801,

Defendant.

---

## COMPLAINT

---

Plaintiff Ian Humphrey, by his attorney Sam Wayne, of Attorney Sam Wayne, S.C., hereby alleges:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Ian Humphrey is an adult resident of Dane County, Wisconsin.

2. Humphrey is a "customer" as that term is defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17).

3. Defendant Navient Solutions, LLC ("Navient") is a Delaware limited liability company with corporate headquarters of 123 Justison St., Wilmington, DE 19801. Navient is registered to do business in the State of Wisconsin. Navient's registered agent for service of process is Corporation Service Company, 8040 Excelsior Drive, Suite 400,

1

Madison, WI 53717.

4. Navient is a "Person" as that term is defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(31).

5. The Court has personal jurisdiction over Navient under Wis. Stat. § 801.05(1)(d).

6. Venue is proper because Navient does substantial business in Dane County, Wisconsin.

**Facts**

7. At all times relevant, defendants acted by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of their employer.

8. Humphrey entered into a contract for student loans with the United States Department of Education. This contract was a "Consumer credit transaction" as that term is defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(10).

9. Navient was the servicer contracted by the United States Department of Education to service Humphrey's student loans.

10. On information and belief, a contract existed between Humphrey and Navient.

11. As servicer of Humphrey's loans, Navient assumed the rights and responsibilities of the United States Department of Education's contract with Humphrey, thus assuming liability to Humphrey for its breach of that contract.

12. Humphrey called Navient with questions about his account in July 2011. During that phone call, Navient directed Humphrey to complete an application for Total Permanent Disability Discharge ("TPD Discharge").

13. On that phone call, Navient informed Humphrey that it would send to him an application form on which he could apply for a TPD Discharge.

14. On or about August 1, 2011, Navient sent to Humphrey a TPD Discharge application form (the "2011 Form").

15. Sending the 2011 Form to Humphrey was a representation by Navient that the 2011 Form would be an acceptable form to use to submit a TPD Discharge application.

16. The 2011 Form had already "expired" as of the date Navient sent it to Humphrey.

17. Relying on Navient's representation that the 2011 Form was a form on which he could apply for a TPD Discharge, Humphrey completed the 2011 Form and submitted it to Navient.

18. Navient denied Humphrey's TPD Discharge application on October 23, 2011 because the 2011 Form had expired. As such, Navient in July 2011 misrepresented that the 2011 Form was a form on which Humphrey could apply for a TPD Discharge.

19. On information and belief, had Navient at this time sent to Humphrey a TPD Discharge application form that it would accept, or had it accepted the 2011 Form, Humphrey would have been approved for the TPD Discharge he sought.

20. On, or about July 1, 2012, Humphrey informed Navient via telephone that the 2011 Form they sent to him had expired, and that they had denied his application for a TPD Discharge because the 2011 Form was expired. Humphrey also requested that day another application form on which he could apply for a TPD Discharge.

21. Shortly afterwards in response to Humphrey's request for another application form for a TPD Discharge, Navient sent to Humphrey another TPD Discharge application

form (the "2012 Form").

22. Sending the 2012 Form to Humphrey was a representation by Navient that the 2012 Form would be an acceptable form to use to submit a TPD Discharge application.

23. The 2012 Form had already "expired" as of the date Navient sent it to Humphrey.

24. Around September 2012, Humphrey called Navient to confirm that his TPD Discharge application on the 2012 Form would not be rejected because it was expired. Navient assured Humphrey by telephone that his TPD Discharge application on the 2012 Form would not be rejected because it was expired.

25. Relying on Navient's representation that the 2012 Form would not be rejected because it was expired, Humphrey completed the 2012 Form and submitted it to Navient.

26. Navient denied Humphrey's second TPD Discharge application on November 26, 2012 because the 2012 Form had expired. As such, Navient earlier in 2012 misrepresented that the 2012 Form was a form on which Humphrey could apply for a TPD Discharge, and in or around September 2012 misrepresented that it would not reject his second TPD Discharge application because it was submitted on the 2012 Form, even though it had expired.

27. On information and belief, had Navient at this time sent to Humphrey a TPD Discharge application form that it would accept, or had it accepted the 2012 Form it sent him, Humphrey would have been approved for the TPD Discharge he sought.

28. On or about June 5, 2014, the Department of Education approved Humphrey's application for a TPD Discharge, for the same reasons and on same physicians' credentials which Humphrey's applications listed on the 2011 Form and the 2012 Form,

4

which Navient denied for being on expired forms. Navient was no longer servicing Humphrey's loans at this point.

29. On information and belief, Navient has furnished and continues to furnish to consumer reporting agencies the inaccurate and derogatory information (the "Derogatory Information") that Humphrey missed required payments for the periods September – December 2012, and July – December 2013, with 90, 120, and 150+ day delinquencies, even though Humphrey was not required to make payments to Navient for those months.

30. Had Navient accepted Humphrey's application in 2011, it would not have had the opportunity to furnish to the consumer reporting agencies the Derogatory Information.

31. Had Navient accepted Humphrey's application in 2012, it would not have had the opportunity to furnish to the consumer reporting agencies the Derogatory Information for December 2012, or July - December 2013.

32. On or about October 1, 2014, Humphrey was denied credit from Synchrony Bank for CareCredit as a result of the Derogatory Information appearing on Humphrey's credit reports. This was the first monetary injury suffered by Humphrey as a result of Navient's conduct in sending expired forms in response to Humphrey's request for Total Permanent Disability Discharge applications.

33. On October 11, 2014, Humphrey was denied credit by Paypal Credit as a result of the Derogatory Information appearing on Humphrey's credit reports.

34. On November 15, 2014, Humphrey was denied credit by Associated Bank, with whom he had invested in a banking relationship since 2005, as a result of the Derogatory Information appearing on Humphrey's credit reports.

35.     During the time period since Humphrey obtained a total permanent disability discharge, he has had to seek professional therapy to address problems resulting from this incident, as it has caused him emotional distress and has detracted from his ability to enjoy his life.

36.     On information and belief, Navient services millions of student loan accounts and handles thousands of TPD Discharge applications each year.

37.     On information and belief Navient has sent and continues to send expired forms to each individual or many individuals who contact them to obtain an application form for a TPD Discharge.

38.     On information and belief, Navient's sending of expired forms in response to requests for TPD Discharge application forms was consistent with a policy or custom to do so in order to make each loan it serviced as valuable to it as possible.

39.     On information and belief, the Navient employees who communicated by telephone with Humphrey did so from an office owned or leased by Navient.

## FIRST CLAIM FOR RELIEF
## Fraud

40.     Humphrey realleges the above paragraphs as if fully set forth herein.

41.     Navient sent to Humphrey the 2011 Form and the 2012 Forms and represented to Humphrey both in 2011 and 2012 that Humphrey's TPD Discharge applications using the 2011 Form and the 2012 Form would not be rejected because the forms were expired.

42.     These representations were false, as Navient denied Humphrey's TPD Discharge applications because they were submitted on expired forms.

6

43. Humphrey believed Navient' representations that they would accept his TPD Discharge application on the 2011 Form and the 2012 Form, which Navient provided to him upon his request for TPD Discharge application forms.

44. Humphrey reasonably relied on Navient' representations to his detriment, by using the 2011 Form and the 2012 Form, which Navient sent to him, and suffered as described above as a result of his reliance on Navient's representations.

45. Navient represented that applications on the 2011 Form and on the 2012 Form would not be rejected for being on expired forms, even though they knew that one or both of these representations were false.

46. Navient made these misrepresentations with the intent to deceive Humphrey into submitting expired forms for his TPD Discharge so that Navient could reject these applications and benefit from not having Humphrey's loans discharged.

47. These misrepresentations were part of a pattern of misrepresentations Navient made to thousands of TPD Discharge applicants in 2011 and 2012.

48. Humphrey is entitled to actual damages, punitive damages, costs, and reasonable attorney fees, in amounts to be determined by the jury.

## SECOND CLAIM FOR RELIEF
### Relief under Wis. Stat. § 425.303 for violation of Wis. Stat. § 425.107

49. Humphrey realleges the above paragraphs as if fully set forth herein.

50. As servicer of the loan, Navient was a party to the consumer credit transactions whereby Humphrey borrowed student loans from the United States Department of Education.

51. The Wisconsin Consumer Act, Wis. Stat. § 425.303 provides a private right of action for violations of certain statutes. One of these statutes is Wis. Stat. § 425.107 - Unconscionability.

52. Navient's sending to Humphrey of the expired 2011 Form and the expired 2012 Form upon his requests for TPD Discharge application forms and subsequent rejection of those applications for being submitted on the expired 2011 Form and the 2012 Form was unconscionable.

53. Humphrey is entitled to statutory relief under Wis. Stat. § 425.303 and costs and reasonable attorney fees under Wis. Stat. § 425.308.

## THIRD CLAIM FOR RELIEF
**Relief under 42 U.S.C. §§ 12188 and 2000a-3 for violation of 42 U.S.C. § 12182**

54. Humphrey realleges the above paragraphs as if fully set forth herein.

55. Navient's operations take place in a public accommodation, as that term is defined in 42 U.S.C. § 12181(7).

56. By sending to Humphrey the expired 2011 Form and the expired 2012 Form in response to his requests for TPD Discharge applications, Navient denied Humphrey the opportunity to participate in or benefit from a total permanent disability discharge, which was one of Navient's services. This was in contravention of 42 U.S.C. § 12182(b)(1)(A)(i), as it made it impossible for persons with total permanent disabilities to obtain a TPD Discharge even though they qualified for one.

57. By sending to Humphrey the expired 2011 Form and the expired 2012 Form in response to his requests for TPD Discharge applications, Navient failed to afford

Humphrey the opportunity to participate in or benefit equally from Navient's services, namely from a total permanent disability discharge. This was in contravention of 42 U.S.C. § 12182(b)(1)(A)(ii), as it made it impossible for persons with total permanent disabilities to obtain a TPD Discharge even though they qualified for one.

58. By sending to Humphrey the expired 2011 Form and the expired 2012 Form in response to his requests for TPD Discharge applications, Navient utilized methods of administration that have the effect of discriminating on the basis of disability, by making it impossible for persons with total permanent disabilities to obtain a TPD Discharge even though they qualified for one. This was in contravention of 42 U.S.C. § 12182(b)(1)(D).

59. Humphrey is entitled to injunctive relief, costs, and attorney fees under 42 U.S.C. §§ 12188(a)(1) and 2000a-3.

## FOURTH CLAIM FOR RELIEF
### Negligence

60. Humphrey realleges the above paragraphs as if fully set forth herein.

61. Navient owed to Humphrey a duty of care, as it knew or should have known that sending Humphrey the expired 2011 Form and the expired 2012 Form, and then rejecting his TPD Discharge applications on those forms because the forms were expired, would cause harm to Humphrey.

62. By sending Humphrey the expired 2011 Form and the expired 2012 Form, and then rejecting his TPD Discharge applications on those forms because the forms were expired, Navient breached its duty of care to Humphrey.

63. By failing to have policies and procedures in place to ensure that Humphrey

would not be furnished the expired 2011 Form or the expired 2012 in response to his requests for a TPD Discharge application form, and then refused for submitting TPD Discharge applications on those expired forms, Navient breached its duty of care to Humphrey.

64. As a result of Navient's breach of its duty of care to Humphrey, Humphrey has suffered, continues to suffer, and will in the future suffer damages, including denial of credit, lost opportunities to receive credit, damages to reputation, worry, distress, frustration, embarrassment, and humiliation, in an amount to be determined by the jury.

65. Humphrey is entitled to actual damages in an amount to be determined by the jury.

## FIFTH CLAIM FOR RELIEF - Navient
## Breach of Contract

66. Humphrey realleges the above paragraphs as if fully set forth herein.

67. A loan servicing contract existed between Humphrey and Navient.

68. By sending Humphrey the expired 2011 Form and the expired 2012 Form, and then rejecting his TPD Discharge applications on those forms because the forms were expired, Navient has breached the contract between itself and Humphrey.

69. By sending Humphrey the expired 2011 Form and the expired 2012 Form, and then rejecting his TPD Discharge applications on those forms because the forms were expired, Navient has breached the contract between the United States Department of Education and Humphrey, with Navient having assumed the rights and responsibilities that department has under its contract with Humphrey.

70. By failing to have policies and procedures in place to ensure that Humphrey would not be furnished the expired 2011 Form or the expired 2012 in response to his requests for a TPD Discharge application form, and then refused for submitting TPD Discharge applications on those expired forms, Navient has breached the contract between itself and Humphrey.

71. By failing to have policies and procedures in place to ensure that Humphrey would not be furnished the expired 2011 Form or the expired 2012 in response to his requests for a TPD Discharge application form, and then refused for submitting TPD Discharge applications on those expired forms, Navient has breached the contract between the United States Department of Education and Humphrey, having assumed the rights and responsibilities that department has under its contract with Humphrey.

72. As a result of Navient's breach of the contract between itself and Humphrey, Humphrey has suffered, continues to suffer, and will in the future suffer damages, including denial of credit, lost opportunities to receive credit, damages to reputation, worry, distress, frustration, embarrassment, and humiliation, in an amount to be determined by the jury.

73. As a result of Navient's assumption of the rights and responsibilities of the United States Department of Education under its contract with Humphrey, and its breach of those contractual responsibilities, Humphrey has suffered, continues to suffer, and will in the future suffer damages, including denial of credit, lost opportunities to receive credit, damages to reputation, worry, distress, frustration, embarrassment, and humiliation, in an amount to be determined by the jury.

74. Humphrey is entitled to actual damages in an amount to be determined by the jury.

## SIXTH CLAIM FOR RELIEF - Navient
## Breach of the Covenant of Good Faith and Fair Dealing

75. Humphrey realleges the above paragraphs as if fully set forth herein.

76. By sending Humphrey the expired 2011 Form and the expired 2012 Form, and then rejecting his TPD Discharge applications on those forms because the forms were expired, Navient has breached the covenant of good faith and fair dealing it owes to Humphrey as a result of the contract between itself and Humphrey.

77. By sending Humphrey the expired 2011 Form and the expired 2012 Form, and then rejecting his TPD Discharge applications on those forms because the forms were expired, Navient has breached the covenant of good faith and fair dealing it owes to Humphrey as a result of the contract between the United States Department of Education and Humphrey, with Navient having assumed the contractual rights and responsibilities that department has under its contract with Humphrey.

78. By failing to have policies and procedures in place to ensure that Humphrey would not be furnished the expired 2011 Form or the expired 2012 in response to his requests for a TPD Discharge application form, and then refused for submitting TPD Discharge applications on those expired forms, Navient has breached the covenant of good faith and fair dealing it owes to Humphrey as a result of the contract between itself and Humphrey

79. By failing to have policies and procedures in place to ensure that Humphrey

12

would not be furnished the expired 2011 Form or the expired 2012 in response to his requests for a TPD Discharge application form, and then refused for submitting TPD Discharge applications on those expired forms, Navient has breached the covenant of good faith and fair dealing it owes to Humphrey as a result of the contract between the United States Department of Education and Humphrey, with Navient having assumed the contractual rights and responsibilities that department has under its contract with Humphrey.

80. As a result of Navient's breach of the covenant of good faith and fair dealing attached to the contract between itself and Humphrey, Humphrey has suffered, continues to suffer, and will in the future suffer damages, including denial of credit, lost opportunities to receive credit, damages to reputation, worry, distress, frustration, embarrassment, and humiliation, in an amount to be determined by the jury.

81. As a result of Navient's assumption of the rights and responsibilities of the United States Department of Education under its contract with Humphrey, and its breach of the covenant of good faith and fair dealing attached to that contract, Humphrey has suffered, continues to suffer, and will in the future suffer damages, including denial of credit, lost opportunities to receive credit, damages to reputation, worry, distress, frustration, embarrassment, and humiliation, in an amount to be determined by the jury.

82. Humphrey is entitled to actual damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff Ian Humphrey seeks judgment in his favor and damages against Defendants, based on the following requested relief:

(a) actual damages;

(b) statutory damages;

(c) punitive damages;

(d) costs and reasonable attorneys' fees;

(e) An order directing Navient to send to all applicants for total permanent disability discharges forms that are not expired, and/or to accept applications for total permanent disability discharge submitted to Navient on all forms Navient furnishes to applicants; and

(h) Such other and further relief as may be necessary, just and proper.

## DEMAND FOR JURY TRIAL

Humphrey demands trial by jury in this action of all issues so triable.

Dated: May 9, 2017

                                  ATTORNEY SAM WAYNE, S.C.

                                  _s/ Sam Wayne_____
                                  Sam Wayne, SBW 1074341
                                  2002 Atwood Ave. Suite 203
                                  Madison, WI 53704
                                  P: (608) 469-3598
                                  F: (608) 268-8746
                                  samwayne@gmail.com